## SLUSSER v. RANSOM.

PLEADING.—*Draining Association.—Board of Commissioners.*—A complaint to enforce a lien for the assessment of benefits under the act entitled "An act to enable the owners of wet lands to drain and reclaim them," etc., (3 Ind. Stat. 228) need not allege that, at the time when application was made to the board of commissioners for the appointment of appraisers, there had been made, by an engineer, a survey and estimate of the cost of construction of the proposed ditch; nor need it state the estimated cost of the work.

APPEAL from the Huntington Circuit Court.

DOWNEY, J.—This action was commenced by the appellant against the appellee to enforce a lien against certain real estate, particularly described in the complaint, for the amount of an assessment of benefits to such lands from the construction of a drain under the act of March 11th, 1867. 3 Ind. Stat. 228.

The defendant demurred to the complaint, assigning for cause, that it did not state facts sufficient to constitute a cause of action; his demurrer was sustained, the plaintiff excepted, and final judgment was rendered for the defendant. This action of the court is the only alleged error. The complaint alleges that at the June term, 1869, of the board of commissioners of the county, upon presentation of an application in writing, a copy of which was filed with the complaint and made part thereof, and marked exhibit "A," he obtained an order from the board of commissioners, a copy of which, marked "B," was also filed and made part of the com-

plaint, for the construction, digging, and opening of a certain ditch or drain through the real estate of said defendant, which real estate was particularly described in the complaint; that on the 3d day of July, 1869, and pursuant to said order, Lewis Stacker, Samuel Heckman, and Simon Brightmire, who were appointed appraisers to view and locate said ditch and assess the benefits and damages occasioned by the same to all parties therein concerned, and after notice having been given by the plaintiff to said defendant more than ten days before said appraisers proceeded to view said premises, and assess the benefits and damages to said defendant and the other parties, by leaving a true copy of all the proceedings at the last and usual place of residence of said defendant, a copy of which, with the proof of said service, is filed with the complaint and made a part thereof, proceeded to view said ditch and land through which the same was to pass, and assess the benefits accruing to the parties owning the same; that said appraisers assessed upon the land hereinbefore described, belonging to the said defendant Ransom, the sum of two hundred dollars benefits, as set forth in their schedule of assessments, which is duly recorded in the recorder's office, etc., and a copy of which is filed with the complaint, and made part of it, marked exhibit "C;" that after said assessment and location of said ditch, and after the said defendant had sufficient time and due notice of said assessment and location of said ditch to open the same, he having failed so to do, the plaintiff entered upon the premises of said Ransom and opened said ditch or drain through said land, according to the specification in said application to said board of commissioners; that after said ditch or drain was completed, according to the specification as aforesaid, to wit, on the 14th day of June, 1870, he duly demanded of said defendant, Ransom, the said sum of two hundred dollars, which the defendant refused to pay. Prayer for judgment enforcing the lien.

The objection to the complaint, made by the appellee, is

that it does not allege that the plaintiff had, at the time when he made his application to the board of commissioners for the appointment of the appraisers, had a survey and an estimate made by an engineer of the cost of the construction of the proposed ditch or drain, as required by section seven of the act. It is required by the first section of the act, that the party applying for the appointment of appraisers shall make such application in writing, specifying the character of the work contemplated, its general course, extent, height, depth, width, the amount of fall per mile, the point of beginning and terminus, with a description of lands to be affected thereby, together with the names of the owners of such lands, if the same be known to such applicant, or the name of the occupant of such land, if any there be. Section seven provides that any person desiring, under the provisions of this act, to make application, may employ an engineer and enter upon such lands as may be necessary to make a survey and schedule and an estimate of the cost of construction of such proposed work. It is urged that this last section imperatively requires that there shall be a survey and estimate of the proposed work before the making of the application to the board of commissioners for the appointment of the appraisers. We are not of this opinion. There is nothing in the language of the seventh section which conveys such meaning. If the party applying can state the necessary facts in his application, without a survey, we think he may do so, and dispense with such survey. If he cannot, then section seven authorizes him to enter upon the lands and cause such survey and an estimate to be made. The written application to the board need not state the estimated cost of the work. The appraisers are to estimate the amount which each land-owner shall pay, and these amounts together constitute the total cost of the work. We confine ourselves to the objection made to the complaint, and believing that it was not well taken, we think the demurrer should have been overruled.

The judgment is reversed, with costs, and the cause remanded.*

*J. R. Slack,* for appellant.

*H. B. Sayler, S. E. Perkins,* and *S. E. Perkins, Jr.,* for appellee.

*Petition for a rehearing overruled.